# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KEITH DAVIS,<br><br>    Defendant. | No. CR03-0015<br><br>**REPORT AND RECOMMENDATION** |

_____

This matter comes before the court pursuant to the defendant's October 18, 2004, petition for relief filed pursuant to 28 U.S.C. § 2255 (docket number 78). The only issue that remains in this matter is the defendant's claim that he was denied effective assistance of counsel by reason of his attorney's failure to file a notice of appeal following sentencing.

The court held an evidentiary hearing on this motion on May 20, 2005, at which the defendant participated by telephone from his correctional institution. The government was represented by Assistant United States Attorney Stephanie Rose. It is recommended that the defendant's § 2255 petition be dismissed. The court makes the following findings of fact.

## FINDINGS OF FACT

The defendant was charged on March 6, 2003, in a three-count Indictment. Count 1 alleged that he manufactured methamphetamine. Count 2 alleged that he used a minor to manufacture methamphetamine. Count 3 alleged that he was an unlawful user of controlled substances in possession of firearms. The defendant intended to go to trial and his attorney, Michael Lahammer, prepared the case for trial. Shortly before trial, the

defendant changed his mind and agreed to plead guilty. The Plea Agreement can be found as Government's Exhibit 1 admitted at the June 10, 2003, change of plea hearing.

In the Plea Agreement, there is an extensive stipulation of facts. The defendant made seven specific changes to the stipulation of facts. There was further an extensive stipulation concerning the sentencing guidelines in which the parties stipulated that the base offense level should be at least a level 26, that there should be no enhancement for the defendant's possession of firearms, that the base offense level should be enhanced by two levels because a minor was directly involved in the defendant's manufacturing activities, that the defendant should receive a two-level enhancement for the defendant's managerial or supervisory role and that these defendant should receive a two-level downward adjustment for acceptance of responsibility. Finally, the parties agreed that there should be no adjustment under United States Sentencing Guideline 3D1.4 for the firearm count for which the defendant pleaded guilty.

The defendant was sentenced on December 18, 2003. No issues were litigated at the time of sentencing because of the elaborate stipulation in the Plea Agreement. The defendant was sentenced within the guideline range called for by his plea agreement. He was advised in open court of his right to appeal, again at the Linn County Jail by his attorney Michael Lahammer and again in a letter dated April 19, 2003, from Mr. Lahammer.

Mr. Lahammer has been practicing exclusively in the area of criminal defense for the past three years. Prior to that, he was employed by this court as a legal adviser to our clerk of court. He was responsible for handling § 2255 petitions and served as Judge Michael Melloy's courtroom deputy. In this employment lasting over eight years, Mr. Lahammer received tremendous experience in federal criminal law and procedure. He is among the court's most respected CJA panel members. At the hearing held in this matter on May 20, 2005, the defendant admitted that he had been well represented by Mr. Lahammer.

A day or two following the defendant's sentencing, Mr. Lahammer met with the defendant at the Linn County Jail. They discussed what had happened and the defendant agreed that there would be no benefit to an appeal. He agreed that Mr. Lahammer would not file an appeal.

Mr. Lahammer's letter of December 19, 2003, specifically informed the defendant that he had until December 29, 2003, within which to file a notice of appeal. He was informed by Mr. Lahammer that if he wanted to appeal, he could contact Mr. Lahammer. Mr. Lahammer fully understands that he is obligated to file an appeal for a client who requests that right. He has filed several other appeals in cases where he personally saw no merit to the appeal. He has filed <u>Anders</u> briefs with the Court of Appeals in cases where he disagreed with the appeal but still was prepared to fully advocate the defendant's rights on appeal.

Mr. Lahammer has spoken with the defendant since December 2003 but the defendant has never called him, written to him, or attempted to communicate in any way concerning the appeal that the defendant supposedly requested. About six months after the defendant had been sentenced, he called Mr. Lahammer to request that Mr. Lahammer advise him as to how to file a § 2255 petition. In fact, the defendant wanted Mr. Lahammer to file the petition for him. Mr. Lahammer informed the defendant that he does not do § 2255 petitions as a part of his practice. However, Mr. Lahammer informed the defendant as to how to file such a petition. As a part of this conversation, the defendant never claimed that one of the issues would be Mr. Lahammer's ineffective assistance of counsel. The defendant made another request from Mr. Lahammer. He asked Mr. Lahammer to pay his mandatory special assessment and stated that his mother would reimburse Mr. Lahammer at some unknown later time. Mr. Lahammer refused to do so indicating that this would be tantamount to a loan to the client which he could not ethically do. The defendant was upset with Mr. Lahammer for refusing to do this.

The court is very confident that the defendant agreed not to appeal this case. No conclusions of law accompany this report and recommendation due to the fact the sole issue remaining is entirely the factual dispute as to whether the defendant requested that an appeal be filed.

For the reasons discussed above, **IT IS RECOMMENDED**, unless any party files objections[1] to the Report and Recommendation within ten (10) days of the date of the report and recommendation, that the defendant's petition pursuant to 28 U.S.C. § 2255 be denied.

May 23, 2005.

```
                                    JOHN A. JARVEY
                                    Magistrate Judge
                                    UNITED STATES DISTRICT COURT
```

---

[1] Any party who objects to this report and recommendation must serve and file specific, written objections within ten (10) court days from this date. A party objecting to the report and recommendation must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections.