# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR03-0015-LRR |
| vs. | |
| KEITH DAVIS, | ORDER |
| Defendant. | |

---

This matter appears before the court on the defendant's motion for credit toward his sentence for time that he spent in detention prior to being sentenced (Docket No. 89). The defendant filed such motion on October 10, 2006. 18 U.S.C. § 3585 directs that a defendant "be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences [if the official detention was] a result of the offense for which the sentence was imposed . . . ." 18 U.S.C. § 3585(b)(1).

> [T]he Attorney General, through the Bureau of Prisons, has the responsibility for computing a sentencing credit under [18 U.S.C. §] 3585(b). *United States v. Wilson*, 503 U.S. 329, 334-35, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992). . . . The Bureau of Prisons is responsible for computing the sentence credit after the defendant has begun serving his sentence. *Wilson*, 503 U.S. at 335; *see also United States v. Moore*, 978 F.2d 1029, 1031 (8th Cir. 1992). Prisoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10-542.16, and, after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241. *Wilson*, 503 U.S. at 335; *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). These are the proper avenues

> through which [a defendant] may resolve any dispute about the
> length of his time in state custody.

*United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006). Clearly, the court does not have the authority to credit the time that the defendant spent in detention prior to being sentenced. Moreover, the defendant makes no assertion regarding the administrative remedies he pursued, and, rather than file a habeas corpus petition under 28 U.S.C. § 2241, the defendant elected to file the instant motion in his underlying criminal case. Accordingly, the defendant's motion for credit toward his sentence for time that he spent in detention prior to being sentenced (Docket No. 89) is denied.

**IT IS SO ORDERED**.

**DATED** this 12th day of October, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA